**XIAN LIANG ZENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–1742–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

David A. Bredin, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Lesley McKay, Senior Litigation Counsel, Scott Rempell, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Xian Liang Zeng, a native and citizen of the People's Republic of China, seeks review of a March 29, 2007 order of the BIA affirming the July 15, 2005 decision of Immigration Judge ("IJ") Noel Anne Ferris denying Zeng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xian Liang Zeng,* No. A79 419 871 (B.I.A. Mar. 29, 2007),

*aff'g* No. A79 419 871 (Immig. Ct. N.Y. City July 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the conclusions of the IJ and upholds the IJ's adverse credibility finding, but does so for reasons other than those cited in the IJ's decision, we review the decision of the IJ as supplemented by the BIA, provided that the BIA's supplemental findings do not extend beyond the scope of its review under 8 C.F.R. § 1003.1(d)(3)(i), (iv). *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 293, 296 (2d Cir.2006). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc).

We conclude that the IJ's adverse credibility determination was supported by substantial evidence. First, the IJ did not err by relying on Zeng's inconsistent testimony regarding where his son was born. Zeng indicated in his asylum application that his son was born while Li was hiding but testified that his son was born at a government hospital. This inconsistency is material and substantial when measured against the record as a whole because it undermines Zeng's claim that he was persecuted after his son's allegedly secret birth was reported to family planning officials. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003).

The agency also properly found that Zeng's testimony that village officials did not sterilize Li because she was in hiding was at odds with letters from Li and the village committee, which indicate that she

was not sterilized because of her poor health. This inconsistency is material and substantial because a key basis of Zeng's alleged well-founded fear claim is that he will be sterilized if he returns to China because family planning officials have been unable to sterilize Li. Thus, we find that the agency did not err by relying on this inconsistency to support its adverse credibility determination.

The agency also identified several inherently implausible aspects of Zeng's claims: (1) that he managed to escape arrest by the police at the police station; (2) that Li tried hiding her second pregnancy from family planning officials while working as a waitress; (3) that village officials issued him and Li a certificate of a non-registered marriage when these types of marriages are illegal in China; and (4) that Li obtained an abortion certificate after her forcible abortion in China. We find that such findings were not based on bald speculation where the IJ evaluated Zeng's testimony using her "common sense and ordinary experience." *See Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007); *Ming Xia Chen v. BIA,* 435 F.3d 141, 146 (2d Cir. 2006) (upholding implausibility findings as to a petitioner's claims that she could escape from detention just because her jailers were not paying attention). In particular, we have previously observed that State Department Country reports indicate that United States authorities "are unaware of any so-called 'abortion certificates'" issued as evidence of a forced abortion. *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 263 (2d Cir.2007); *see also Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006).

Although Zeng does not challenge this finding, we note that the IJ also found Zeng not credible based on her evaluation of his demeanor. Particular deference is given to such findings. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang,* 386 F.3d at 73–74.

Having called Zeng's testimony into question, the IJ also properly found that his failure to provide corroborative evidence, such as affidavits from his parents or his medical records detailing the harm Zeng allegedly suffered while he was in detention rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Because the only evidence of a threat to Zeng's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, because Zeng failed to challenge the denial of his CAT claim in his brief to this Court, we deem that claim waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).[2]

For the foregoing reasons, the petition for review is DENIED.

---

**2.** We also note that counsel has come dangerously close to waiving any challenge to the agency's adverse credibility determination by failing to address the individual credibility findings with any specificity. Further briefing of this quality may result in discipline.